Stephen R. Smerek (SBN: 208343)
ssmerek@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorney for Defendants
RUBIN POSTAER AND ASSOCIATES
and AMERICAN HONDA MOTOR CO., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIKO MUROMURA,<br><br>Plaintiff,<br><br>v.<br><br>RUBIN POSTAER AND ASSOCIATES, a California corporation, AMERICAN HONDA MOTOR CO., INC., a Delaware Corporation,<br><br>Defendants. | **Case No. CV 12-9263-DDP (AGRx)**<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 28, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom 3 (Los Angeles)<br>Before: Hon. Dean D. Pregerson<br><br>[Proposed Order Filed Herewith] |

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that, on January 28, 2013 at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 3 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California, Defendants Rubin Postaer and Associates and American Honda Motor Co., Inc. will and hereby do move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[1] to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

---
[1] All further statutory references are to the Federal Rules of Civil Procedure unless otherwise noted.

This Motion is brought on the grounds that Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted pursuant to Rule 12(b)(6).

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, Plaintiff's Complaint, Rule 12(b)(6), all of the pleadings and papers on file herein, and on such additional evidence and argument as the Court may elect to consider at the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 13, 2012.

Dated: December 21, 2012        WINSTON & STRAWN LLP

By: /s/ Stephen R. Smerek
Stephen R. Smerek
Attorneys for Defendants
RUBIN POSTAER AND ASSOCIATES
and AMERICAN HONDA MOTOR CO., INC.

# **TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ................................................................................1

III. LEGAL DISCUSSION ..........................................................................................2

    A. Legal Standard ..............................................................................................2

        1. Rule 12(b)(6) and Rule 8 ....................................................................2

        2. Copyright Infringement ......................................................................4

    B. Plaintiff's Allegations of Direct Copyright Infringement Against Defendants Fail to State a Claim Upon Which Relief May Be Granted .........................................................................................................4

        1. Plaintiff Fails to Plead By What Acts During What Time Defendants Infringed on the Copyright ............................................5

        2. Plaintiff Further Fails to Identify the Protected Elements of Her Work or How Defendants' Advertisements Are Infringing ............................................................................................7

        3. Plaintiff Attempts to Allege Copyright Infringement of Non-copyrightable Subject Matter ..............................................................9

    C. Because Plaintiff's Direct Copyright Infringement Claim Must Be Dismissed, the Remainder of the Complaint Should Be Dismissed......... 12

IV. CONCLUSION ................................................................................................... 13

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A & M Records, Inc. v. Napster, Inc.*,
  239 F.3d 1004 (9th Cir. 2001) ..................................................................... 12

*Aliotti v. R. Dakin & Co.*,
  831 F.2d 898 (9th Cir. 1987) ....................................................................... 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................... 3

*Associated Gen. Contractors v. Calif. State Council of Carpenters*,
  459 U.S. 519 (1983) ....................................................................................... 4

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir. 1990) ......................................................................... 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................... 3

*Bikram's Yoga Coll. of India, L.P. v. Evolution Yoga, LLC*,
  No. 2:11-cv-5506-ODW(SSx) (C.D. Cal. Dec. 14, 2012) ..................... 10, 11

*Carell v. Shubert Org., Inc.*,
  104 F. Supp. 2d 236 (S.D.N.Y. 2000) ........................................................... 4

*Carmichael Lodge No. 2103 v. Leonard*,
  No. CIV. S-07-2665 LKK/GGH, 2009 WL 2985476
  (E.D. Cal. Sept. 16, 2009) ........................................................................... 10

*Cutler v. Enzymes, Inc.*,
  No. C 08-04650, 2009 WL 482291 (N.D. Cal. Feb. 25, 2009) ................. 6, 7

*Das v. WMC Mortg. Corp.*,
  No. C10-0650-PSG, 2011 WL 2847412 (N.D. Cal. June 8, 2011) ............... 3

*Dave Grossman Designs, Inc. v. Bortin*,
  347 F. Supp. 1150 (N.D. Ill. 1972) .............................................................. 12

*E. W. Sounds, Inc. v. Phoenix*,
  No. CV 12-6143, 2012 WL 4003047 (C.D. Cal. Sept. 10, 2012) .............. 4, 5

*Erickson v. Blake*,
  839 F. Supp. 2d 1132 (D. Or. 2012) ....................................................... 11, 12

*Ets-Hokin v. Skyy Spirits, Inc.*
  323 F.3d 763 (9th Cir. 2003) ....................................................................... 10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
  499 U.S. 340 (1991) .............................................................................. 4, 8, 10

*Funky Films, Inc. v. Time Warner Entm't Co.*,
    462 F.3d 1072 (9th Cir. 2006) .................................................................................. 4

*Harper & Row, Publishers, Inc. v. Nation Enterprises*,
    471 U. S. 539 (1985) ............................................................................................. 10

*Mahnke v. Munchkin Prods., Inc.*,
    No. 99Civ.4684(LTS)(THK), 2001 WL 637378 (S.D.N.Y. June 7, 2001) ..... 8, 9

*Marvullo v. Gruner & Jahr*,
    105 F. Supp. 2d 225 (S.D.N.Y. 2000) ................................................................ 4, 6

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ................................................................................... 3

*New Name, Inc. v. Walt Disney Co.*,
    CV 07-5034 PA (RZx), 2007 WL 5061697 (C.D. Cal. Dec. 3, 2007) .................. 5

*Papasan v. Attain*,
    478 U.S. 265 (1986) ................................................................................................ 3

*Probity Ins. Servs., Inc. v. United Agric. Benefit Trust*,
    No. 10-CV-3500-PSG, 2011 WL 1936581 (N.D. Cal. May 20, 2011) ................. 3

*Salt Optics, Inc. v. Jand, Inc.*,
    No. SACV 10-828 DOC (RNBx) (C.D. Cal. Mar. 4, 2011) ................................ 11

*Satava v. Lowry*,
    323 F.3d 805 (9th Cir. 2003) ............................................................................ 10, 12

*Shaw v. Lindheim*,
    919 F.2d 1353 (9th Cir. 1990) .............................................................................. 10

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ................................................................................... 3

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
    667 F.3d 1022 (9th Cir. 2011) .............................................................................. 12

*Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*,
    No. CV 10-6972 CAS, 2011 WL 281020 (C.D. Cal. Jan. 26, 2011) .................... 5

*Wright v. Gen. Mills*,
    No. 08cv1532(NLS), 2009 WL 3247148 (S.D. Cal. Sept. 30, 2009) .................... 3

**STATUTES**

17 U.S.C. § 102(a)-(b) ................................................................................................ 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ................................................................................................ passim

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1, 3, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff's Complaint for copyright infringement against Defendants fails as a matter of law because Plaintiff does not plead by **what specific acts** during what time Defendant allegedly infringed her copyright.  Nor does Plaintiff identify **what elements** of her work were allegedly infringed.  While Plaintiff identifies her artwork, she does not specifically identify Defendants' allegedly infringing works nor the specific elements of those works that she alleges infringe her copyright.

Moreover, the vague allegations in the Complaint make clear that Plaintiff is not interested in protecting her individual work, but rather seeks to more broadly block use of ferrofluid and electromagnets as an artistic medium.  Copyright law does not protect ideas, and it cannot be used so broadly as to block all artistic expression in a particular medium.

Plaintiff's Complaint against Defendants should therefore be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

## II.  FACTUAL BACKGROUND

Without including any visual samples of the work with her Complaint ("Complaint"), Plaintiff Sachiko Muromura ("Plaintiff") alleges that Defendants Rubin Postaer and Associates ("RPA") and American Honda Motor Co., Inc. ("Honda") (RPA and Honda together, "Defendants") have infringed upon her artwork "Protrude, Flow 2001" ("Artwork").  (*See generally,* Compl.)  While Plaintiff attaches her copyright registration to the Complaint, Plaintiff fails to attach either the Artwork or the still photographs from the Artwork which have been allegedly infringed, even though these photographs are allegedly available on her website, which URL was not provided in the Complaint.  (Compl., ¶ 11.)

As alleged in the Complaint, Plaintiff is an artist who, among other things, through the use of ferrofluid and magnets, has created images that are projected onto a

screen by means of a video camera.² (Compl., ¶¶ 1, 8.) RPA is an advertising agency that created advertisements on behalf of its client, the Acura Division of Honda. (Compl., ¶¶ 2, 11.)

In October 2010, Plaintiff contacted Defendants and asked whether her Artwork was featured in advertising for Acura. (Compl., ¶ 16.) Defendants told Plaintiff that her Artwork was not used, explaining that "ferrofluid as an artistic medium is rapidly increasing." (Compl., ¶ 16).

Despite such reassurances from Defendants, Plaintiff filed the present Complaint, alleging Defendants' advertisements constituted "copies" of her Artwork. However, Plaintiff's Complaint does not provide any facts showing *how* Defendants' advertisements copied her Artwork. In particular, Plaintiff does not state *what acts* committed by Defendants infringe on her copyright or *what elements* of Plaintiff's Artwork are copyrightable.

Indeed, Plaintiff's Complaint is further flawed inasmuch as the failure to identify the protectable elements of the Artwork which have been infringed render the Complaint a broad attempt to obtain protection for an idea. Specifically, Plaintiff attempts to obtain copyright protection for the *idea* of using ferrofluid and electromagnets as an artistic medium. Such allegations not only fail to state a claim for relief, but in fact violate the fundamental principles of copyright law.

## III. LEGAL DISCUSSION

### A. Legal Standard

#### 1. Rule 12(b)(6) and Rule 8

Rule 8(a)(2) requires a civil complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ.

---

² Ferrofluid is a liquid that responds to magnets and magnetic fields. The term "ferrofluid" is derived from the word "ferromagnetic," which is an adjective for a substance "having a large, variable magnetic permeability." *Ferromagnetic Definition*, OED Online, http://www.oed.com/view/Entry/69471?redirectedFrom=ferromagnetic (last visited Dec. 17, 2012).

P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  This standard demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Probity Ins. Servs., Inc. v. United Agric. Benefit Trust*, No. 10-CV-3500-PSG, 2011 WL 1936581, at *2 (N.D. Cal. May 20, 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In other words, "a plaintiff's obligation to provide 'grounds' of his 'entitle(ment) to relief' requires more than labels and conclusions." *Das v. WMC Mortg. Corp.*, No. C10-0650-PSG, 2011 WL 2847412, at *1 (N.D. Cal. June 8, 2011) (quoting *Twombly*, 550 U.S. at 555).

A complaint is subject to dismissal if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "[L]abels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a cognizable claim and the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.  In order to survive a motion to dismiss, "the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Wright v. Gen. Mills*, No. 08cv1532(NLS), 2009 WL 3247148, at *5 (S.D. Cal. Sept. 30, 2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  While allegations are generally accepted as true on a motion to dismiss, conclusory allegations are not. *Papasan v. Attain*, 478 U.S. 265, 286 (1986); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory.").

The Supreme Court has made it clear that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need ***detailed*** factual allegations," but it still ***must plead facts***, and must do so sufficiently "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (emphasis added).  If the facts alleged cannot form the basis for relief under a legal theory, dismissal is proper. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Further, a court need not assume that a plaintiff can prove facts different from those he or she has already alleged and,

3
NOTICE OF MOTION AND MOTION TO DISMISS

where appropriate, need not grant leave to amend. *Associated Gen. Contractors v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Here, Plaintiff's Complaint does not meet the standards articulated above.

### 2. Copyright Infringement

To state a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006). "To withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *E. W. Sounds, Inc. v. Phoenix*, No. CV 12-6143 (AJWx), 2012 WL 4003047, at *4 (C.D. Cal. Sept. 10, 2012) (quoting *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000)) (internal quotation marks omitted); *see also Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) (To withstand a motion to dismiss, the complaint must therefore allege with specificity "by what acts during what time the defendant infringed the copyright. It must set out the 'particular infringing acts . . . with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8.") (citations omitted).

### B. Plaintiff's Allegations of Direct Copyright Infringement Against Defendants Fail to State a Claim Upon Which Relief May Be Granted

Plaintiff's Complaint fails to state a claim for direct copyright infringement under the applicable pleading standard because the Complaint contains no facts supporting such a claim. The gist of Plaintiff's allegations is that Defendants have infringed Plaintiff's copyright in the Artwork by reproducing images or series of

images copied from or derived from the Artwork. Despite Plaintiff's claims, Plaintiff has not provided grounds for relief because she has not articulated what ***protected elements*** of her Artwork have been infringed nor ***what acts*** Defendants have committed that infringe on her copyright.

Significantly, the sweeping allegations provided in the Complaint show that what Plaintiff really seeks is copyright protection for the idea of using a particular artistic medium. Copyright law limits the protection it grants. In particular, it does not extend its reach to the protection of ideas. This limitation is especially significant when the copyright protection that Plaintiff requests here would foreclose an entire medium of art to other artists. Yet here, Plaintiff brings this lawsuit in an effort to create a monopoly over the idea of using ferrofluid and electromagnets as an artistic medium without any legal basis and attempts to broadly prohibit any display of the inherent properties of ferrofluid. Because ideas are not copyrightable subject matter, her Complaint is therefore subject to dismissal with prejudice.

### 1. **Plaintiff Fails to Plead By What Acts During What Time Defendants Infringed on the Copyright**

Plaintiff has not pled the key fourth element of a copyright infringement claim, namely as to how Defendants' advertisements infringed on her copyright. Instead of alleging "by what acts during what time" Defendants infringed on her copyright, she improperly relies on broad allegations that Defendants copied her Artwork. *E. W. Sounds,* 2012 WL 4003047, at *4.

It is well established that conclusory allegations are insufficient to state a copyright infringement claim. *See, e.g., Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*, No. CV 10-6972 CAS (PJWx), 2011 WL 281020, at *4, 6 (C.D. Cal. Jan. 26, 2011) (dismissing copyright infringement claim for complaint that listed 82 registered copyrights because it "alleges no facts indicating what acts constitute the alleged infringement, and which copyrights have allegedly been infringed"); *New Name, Inc. v. Walt Disney Co.*, CV 07-5034 PA (RZx), 2007 WL 5061697, at *3

(C.D. Cal. Dec. 3, 2007) (concluding that plaintiff's copyright infringement allegations made "on information and belief" were "precisely the sort of formulaic recitation of the elements of a cause of action that the Supreme Court held is insufficient to state a claim for relief") (internal quotation marks omitted); *see also Marvullo*, 105 F. Supp. 2d at 230-31 ("The mere allegation that [defendant] procured a license to use a copyrighted photograph, which [defendant] later published beyond the scope of that license is too broad and sweeping to satisfy Rule 8.").

In *Cutler v. Enzymes, Inc.*, the court found that the plaintiff failed to state a claim for relief when she generally alleged the defendant infringed on copyrighted material from her three books but did not explicitly allege by "what acts during what period of time [the defendants] infringed [her] copyrights." No. C 08-04650, 2009 WL 482291, at *3 (N.D. Cal. Feb. 25, 2009). The district court reasoned that "[a]side from claims of ownership, the complaint is devoid of any other specific facts related to the [plaintiff's w]ork and alleged copyright infringement." *Id*. The plaintiff in *Cutler* argued that because she alleged the defendants "increased their use of" the plaintiff's works without more " . . . it may be inferred that [the defendants] posted [the] copyright material on its website." *Id*. However, the court expressly rejected that argument, given the lack of specific facts to prove the alleged infringement when there were only three copyrighted books at issue. *Id.*

Here, as in *Cutler*, Plaintiff has not included any specific facts related to her Artwork to prove by what acts Defendants infringed on her copyright. Rather than providing any facts about the portions of the Artwork that Defendants allegedly infringed upon, the Complaint contains generic facts about Plaintiff's Artwork generally, including an explanation of the process she uses in creating ferrofluid art, and the fact that she has won awards and participated in conferences in connection with the Artwork. (*See* Compl., ¶¶ 8-10.) Plaintiff then alleges that Defendants directly infringed on her work by "reproducing images or series of images copied from or derived from Protrude Flow, 2001" with ***no further explanation*** as to what

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

images or series of images were copied.  (Compl., ¶ 20.)

Just as the failure to include specific facts related to the three copyrighted books and alleged infringement of those books by the defendant resulted in the dismissal of the plaintiff's complaint in *Cutler*, here the Court should grant Defendants' motion to dismiss because the Complaint does not contain sufficient facts concerning Plaintiff's Artwork and the alleged infringement by Defendants.  Without specific facts as to what portions of Plaintiff's Artwork Defendants infringed upon, Defendants are unable to respond to the claims of copyright infringement.

In fact, Plaintiff's own Complaint shows that Defendants are unaware of what acts it committed that allegedly infringed upon her Artwork.  In the Complaint, Plaintiff states that she contacted Defendants, asking whether images of her work were being used in an Acura television commercial, and Defendants explained that her Artwork was ***not used*** in the advertisement. (Compl., ¶¶ 14, 16.)  Plaintiff's Complaint does not include any further facts as to how the advertisements infringed upon her Artwork beyond calling them "copies." (Compl., ¶ 17.)  Without more specific factual allegations by Plaintiff, Defendants are unaware of what acts they committed that constitute copyright infringement and "a defendant is not expected to infer from a complaint what the allegations might possibly be." *Cutler*, 2009 WL 482291 at *3.

Thus, the lack of factual allegations concerning Plaintiff's Artwork and the portions Defendants allegedly infringed upon shows Plaintiff has not plead by what acts Defendants infringed on the copyright.  The failure to plead this requisite element violates the applicable pleading standard provided by Rule 8 and subjects the Complaint to dismissal.

### 2. **Plaintiff Further Fails to Identify the Protected Elements of Her Work or How Defendants' Advertisements Are Infringing**

Plaintiff also fails to provide the grounds for the relief she claims, as required by Rule 8, because she does not articulate any facts showing what elements of her

work are copyrightable.

To state a claim for copyright infringement, the Complaint must allege Defendants copied "constituent elements of the work that are original." *Fiest Publ'ns*, 499 U.S. at 361.  For example, in *Mahnke v. Munchkin Prods., Inc.*, the plaintiff alleged that his "registered copyright in a drawing" had been infringed by the defendant's production of a "decorated baby soda bottle" beginning in 1993. No. 99Civ.4684(LTS)(THK), 2001 WL 637378, at *1-2 (S.D.N.Y. June 7, 2001).  The court dismissed the claim, finding that the plaintiff had not "properly alleged by what acts and during what period of time the defendant infringed his copyright." *Id.* at *5. Significantly, the court noted "it is difficult [for the defendant] to respond to plaintiff's generic references to an infringing 'baby soda bottle,' which ***failed to identify those specific [defendant] products, or particular elements of the products***, that are allegedly infringing." *Id.* (emphasis added).

Here, the Complaint does not make any factual allegations regarding the protected elements of Plaintiff's Artwork, *e.g.*, specific lighting, staging, or color, nor how those elements were infringed by Defendants.  Plaintiff claims the advertisements created by Defendants "constitute copies of Ms. Kodama's propriety, original, creative, and aesthetically pleasing presentation of ferrofluid" and that Defendants "would not have chosen to express ferrofluid in the way that it did except for" the Plaintiff's work, but she does not allege any specific facts as to ***what elements*** of her work Defendants copied.  (Compl., ¶ 17.)  Moreover, neither the Artwork nor the still photographs of the Artwork are attached to the Complaint, despite the fact that such photographs were easily accessible to Plaintiff on her website.  (Compl., ¶ 11.) Without including the "images or series of images" that have been allegedly infringed, it is exceedingly difficult, if not impossible, for Defendants to know upon what copyrighted elements of Plaintiff's Artwork Defendants allegedly infringed.

Plaintiff also claims she received emails from people "familiar with her work, informing her that images of her ferrofluid art" were being used in Acura

advertisements on the Internet and in television commercials, but these statements also do not provide facts showing what copyrighted elements of the Artwork Defendants allegedly used. (Compl., ¶13.) It is entirely unclear whether Plaintiff is claiming Defendants infringed on the copyright of her entire video or which specific images from the Artwork she believes have been infringed.

As in *Mahnke*, in which the court found it was difficult for the defendant to respond to plaintiff's generic references to an infringing baby soda bottle when the complaint failed to identify the specific elements of the product that were infringing, here it is impossible for Defendants to respond to Plaintiff's allegations regarding the advertisements because the Complaint does not state which copyrighted elements of Plaintiff's Artwork Defendants have allegedly infringed. Indeed, Plaintiff does not specify any elements of her Artwork which have been infringed upon other than the non-protectable elements, namely the use of ferrofluid and electromagnets as the artistic medium. Thus, the Complaint must be dismissed because it does not meet the standards of Rule 8.

### 3. Plaintiff Attempts to Allege Copyright Infringement of Non-copyrightable Subject Matter

Given that Plaintiff merely alleges that Defendants have used ferrofluid in the Acura advertisements rather than specify the elements of Plaintiff's Artwork that have been infringed, it is clear the real protection that Plaintiff seeks in this lawsuit is copyright protection for the idea of using ferrofluid and electromagnets as an artistic medium.

While copyright protection is available for "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device," such protection does not "extend to any *idea*, procedure, process, system, method of operation, concept, principle, or discovery. . ." 17 U.S.C. § 102(a)-(b) (emphasis added). Indeed, "[t]he most fundamental axiom of

1  copyright law is that '[n]o author may copyright his ideas.'" *Fiest Publ'ns*, 499 U.S.
2  at 344-45 (quoting *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U. S.
3  539, 556 (1985)).  Ideas are not copyrightable regardless of whether the idea is
4  original or the product of creativity.  *Carmichael Lodge No. 2103 v. Leonard*, No.
5  CIV. S-07-2665 LKK/GGH, 2009 WL 2985476, at *9 (E.D. Cal. Sept. 16, 2009); *see,
6  e.g.*, *Bikram's Yoga Coll. of India, L.P. v. Evolution Yoga, LLC*, No. 2:11-cv-5506-
7  ODW(SSx), slip op. at 5 (C.D. Cal. Dec. 14, 2012) (holding that a yoga sequence is a
8  collection of facts and ideas and thus not subject to copyright protection because
9  "facts and ideas within a work are not protected; only an author's expression of them
10  is.") (quoting *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990)).  This
11  restriction on the copyright of ideas is to protect the public domain; "[o]nly by
12  vigorously policing the line between idea and expression can we ensure both that
13  artists receive due reward for their original creations and that proper latitude is granted
14  other artists to make use of ideas that properly belong to us all." *Satava v. Lowry*, 323
15  F.3d 805, 813 (9th Cir.  2003).

16  In *Satava,* the Ninth Circuit held there is "no copyright protection for the idea
17  of producing a glass-in-glass jellyfish sculpture or to the elements of expression that
18  naturally follow from the idea of such a sculpture." *Id.* at 810.  The plaintiff in that
19  case could not prevent others from copying his glass-in-glass jellyfish sculptures
20  because the sculptures were composed of unprotectable ideas and standard elements,
21  such as depictions of jellyfish in bright colors, with tentacle-like tendrils, and
22  swimming vertically. *Id.* at 811; *see also Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901
23  (9th Cir. 1987) ("No copyright protection may be afforded to the idea of producing
24  stuffed dinosaur toys or to elements of expression that necessarily follow from the
25  idea of such dolls."); *Ets-Hokin v. Skyy Spirits, Inc.* 323 F.3d 763, 766 (9th Cir. 2003)
26  (holding there is no copyright protection for the idea or concept of photographing a
27  Skyy Vodka bottle).
28  Relying on *Satava*, district courts in the Ninth Circuit have granted a

1  defendant's motions to dismiss when the alleged copyright infringement was of an
2  unprotected idea. *See Salt Optics, Inc. v. Jand, Inc.*, No. SACV 10-828 DOC (RNBx),
3  slip op. at 6 (C.D. Cal. Mar. 4, 2011) (granting dismissal of plaintiff's copyright
4  infringement claim because there was no copyright protection for a website design
5  that included commonplace expressions associated with selling a fashion accessory
6  over the Internet); *Erickson v. Blake*, 839 F. Supp. 2d 1132, 1139-41 (D. Or. 2012).

7        In *Erickson*, the court dismissed the plaintiff's copyright infringement claim
8  because the only common element between the plaintiff's and defendant's works was
9  a shared concept or idea. *Id.* at 1139-41. The plaintiff in *Erickson* claimed the
10 defendant infringed upon his musical work, which included the plaintiff playing
11 musical notes based on the order of the digits of the number *pi*, because defendant
12 published a YouTube video in which he also constructed a melody by playing musical
13 notes based on the order of the digits of *pi*. *Id.* at 1134. The court noted that
14 copyright law only protected the plaintiff's **expression** of his musical composition,
15 such as "the cadence, flourishes, harmonies, structure, and so on," but it did not
16 protect the plaintiff's idea of using *pi* to compose a musical work because "[*p*]*i* is a
17 non-copyrightable fact, and the transcription of *pi* to music is a non-copyrightable
18 idea." *Id.* at 1139-40. As such, the plaintiff "[could] not use his copyright to stop
19 others from employing this particular pattern of musical notes." *Id.* at 1139.

20       What Plaintiff attempts here is similar to *Bikram,* inasmuch as Plaintiff attempts
21 to claim that her copyright protection encompasses not only the audiovisual work as a
22 whole but to each depiction of ferrofluid reacting to electromagnets. *See Bikram*, No.
23 2:11-cv-5506-ODW(SSx), at 5 (finding that plaintiff's work was not copyrightable
24 because it was merely a collection of facts and ideas). In *Bikram*, the plaintiff
25 attempted to assert copyright protection over a series of yoga poses. *Id*. However,
26 this Court made a distinction between a creative work "that compiles a series of
27 exercises and the compilation of exercises itself," finding that the latter was not
28 copyrightable. *Id*. Similarly, here Plaintiff attempts to seek copyright protection over

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

any depiction of ferrofluid reacting to electromagnets rather than the specific presentation of ferrofluid reacting to electromagnets found in her Artwork.

Like in *Satava*, *Erickson*, and *Bikram* there is certainly no copyright protection over the ***idea*** of using ferrofluid and magnets as an artistic medium. *See also Dave Grossman Designs, Inc. v. Bortin*, 347 F. Supp. 1150, 1156–57 (N.D. Ill. 1972) ("Picasso may be entitled to a copyright on his portrait of three women painted in his Cubist motif.  Any artist, however may paint a picture of any subject in the Cubist motif, including a portrait of three women, and not violate Picasso's copyright so long as the second artist does not substantially copy Picasso's specific expression of his idea.").  Similar to *Erickson*, in which the plaintiff failed to state a claim for copyright infringement because transcription of *pi* to music was a non-copyrightable idea, Plaintiff's allegations here cannot form the basis of a copyright infringement claim because the use of a particular artistic medium is a non-copyrightable idea.

Therefore, the Complaint must be dismissed ***with prejudice*** because Plaintiff cannot be granted a monopoly over an entire artistic medium in violation of the fundamental principles of copyright law.

### C. Because Plaintiff's Direct Copyright Infringement Claim Must Be Dismissed, the Remainder of the Complaint Should Be Dismissed.

The sole jurisdictional basis alleged for Plaintiff's Complaint is the allegation of a fatally defective claim of direct copyright infringement.  If the direct copyright infringement claim is dismissed, the remaining claims for inducement of copyright infringement, contributory copyright infringement, and vicarious copyright infringement also must be dismissed as direct copyright infringement is an essential element of each such cause of action.  *See UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1045 (9th Cir. 2011) ("It is well-established that '[s]econdary liability for copyright infringement does not exist in the absence of direct infringement.'") (quoting *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n. 2 (9th Cir. 2001)).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against Defendants should be dismissed with prejudice for failure to state a claim pursuant to Rule 12(b)(6).

Dated:  December 21, 2012              WINSTON & STRAWN LLP

                                       By: /s/ Stephen R. Smerek
                                           Stephen R. Smerek
                                           Attorneys for Defendants
                                           RUBIN POSTAER AND ASSOCIATES
                                           and AMERICAN HONDA MOTOR CO.,
                                           INC.