O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIKO MUROMURA, | Case No. CV 12-09263 DDP (AGRx) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| RUBIN POSTAER AND ASSOCIATES, a California corporation; AMERICAN HONDA MOTOR CO., INC., a Delaware corporation, | [Dkt. No. 12] |
| Defendants. | |

 Presently before the court is Defendants' Motion to Dismiss. Having considered the submissions of the parties, the court grantS the motion and adopts the following order.

**I.  Background**

 Plaintiff Sachiko Muromura creates artistic works using a magnetic fluid ("ferrofluid"). (Complaint ¶ 8.) Plaintiff makes ferrofluid sculptures, takes photographs and videos of the sculptures, and often projects images of the sculptures onto a screen. (Id.)  Among Plaintiff's artistic creations is an audiovisual work entitled "Protrude Flow, 2001," which Plaintiff

registered with the United States Copyright Office. (Id. ¶¶ 1, 10.) The Protrude Flow, 2001 video and stills from the movie were displayed at a computer graphics exhibition in Los Angeles in 2001. (Id. ¶ 10.)

Defendant Rubin Postaer and Associates ("RPA") is an advertising agency that does work for Defendant American Honda Motor Company ("Honda"). (Id. ¶¶ 2, 11.) In 2009, an RPA employee asked Plaintiff if any of her ferrofluid artworks were available for a multi-city tour highlighting Honda's use of ferrofluids in its vehicles. (Id. ¶ 11.) Plaintiff provided RPA with a link to her website, which included images and video of Protrude Flow, 2001. (Id.) RPA ultimately rented one of Plaintiff's two available works, and paid Plaintiff a $10,000 rental fee. (Id. ¶ 12.)

In October 2010, people familiar with Plaintiff's work informed her that a division of Honda was using images of her ferrofluid art in its advertisements. (Id. ¶¶ 13-15.) RPA assured Plaintiff that her works were not featured in the ads, but offered Plaintiff a $10,000 "creative consultant fee." (Id. ¶ 16.)

Plaintiff filed a copyright complaint against RPA and Honda, alleging that RPA "reproduc[ed] images or series of images copied from or derived from Protrude Flow, 2001 in the United States."[1] (Id. ¶ 20.) Defendants now move to dismiss the Complaint.

///
///

---

[1] The Complaint alleges that both RPA and Honda directly infringed and asserts additional claims for inducement of infringement, contributory infringement, and vicarious infringement against Honda alone.

2

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  <u>Id.</u> at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id.</u> at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

**III. Discussion**

To state a claim for copyright infringement, a Plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991). To satisfy the copying prong, a copyright plaintiff must also allege that the works are substantially similar in their protected elements. Wild v. NBC Universal, Inc., 788 F.Supp.2d 1083, 1098 (C.D. Cal. 2011). Though Plaintiff argues that this standard applies only on summary judgment, courts in this circuit regularly apply these requirements at the pleading stage. See, e.g., 788 F.Supp.2d at 1098; Lafarga v. Lowrider Arte Magazine, No. SACV 11-1501 DOC, 2012 WL 3667441 at *3 (C.D. Cal. Aug. 24, 2012); Minden Pictures, Inc. v. Pearson Education, Inc., No. C 11-05385 WHA, 2012 WL 1595081 at *2 (N.D. Cal. May 4, 2012); Fractional Villas, Inc. v. Tahoe Clubhouse, No. 08cv1396-IEG, 2009 WL 160932 at *2 (S.D. Cal. Jan. 22, 2009).

It is unclear to the court whether Plaintiff, like the plaintiff in Fractional Villas, alleges that Defendants made an exact copy of Protrude Flow, 2001. Plaintiff does not appear to so suggest. In her opposition papers, Plaintiff argues that the artwork "contains images or a series of images that are substantially similar to the Internet and television advertisements." (Opp. at 11.) The complaint itself alleges that Defendant RPA "would not have chosen to express ferrofluid in the way that it did except for the fact that RPA had accessed [Plaintiff]'s work and deliberately chose to copy her expression.

4

The . . . appropriation of those protected elements is actionable." (Compl. ¶ 17.)

Nowhere, however, does Plaintiff identify the protectable elements to which she refers.  The complaint does not include or attach any pictorial or audio visual examples of either Protrude Flow, 2001 or the allegedly infringing advertisements, and does not describe any elements other than the mere use of ferrofluid.  An idea alone, however, is not copyrightable.  Feist, 499 U.S. at 344-45.  "[E]lements of expression that necessarily follow from an idea, or expressions that are as a practical matter, indispensable or at least standard in the treatment of an idea are [also] not protected."  Dream Games of Arizona, Inc. v. PV Onsite, 561 F.3d 983, 988 (9th Cir. 2009) (internal quotation and alteration omitted); see also Satava v. Lowry, 323 F.3d 805, 810 (9th Cir. 2003) ("Similarly, expressions that are standard, stock, or common to a particular subject matter or medium are not protectable under copyright law.") (emphasis added).

Absent identification of any specific expressive elements in either Plaintiff's artwork or RPA's allegedly infringing advertisements, Plaintiff cannot possibly establish that the two works are extrinsically substantially similar.  See Wild, 788 F.Supp.2d at 1098 ("The extrinsic test is an objective comparison of specific expressive elements.").  Plaintiff's complaint, therefore, does not adequately state a copying claim, and must be dismissed.

///

///

///

**IV. Conclusion**

    For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.  Any amended complaint shall be filed within fourteen days of the date of this order.

IT IS SO ORDERED.

Dated: May 31, 2013

                                DEAN D. PREGERSON
                                United States District Judge