O

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIKO MUROMURA; MINAKO TAKENO,<br><br>    Plaintiffs,<br><br> v.<br><br>RUBIN POSTAER AND ASSOCIATES, a California corporation; AMERICAN HONDA MOTOR CO., INC., a Delaware corporation,<br><br>    Defendants. | Case No. CV 12-09263 DDP (AGRx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Dkt. No. 55] |

  This matter comes before the Court on Defendants' Motion for Attorneys' Fees pursuant to 17 U.S.C. § 505. After reviewing the materials submitted by the parties and considering the parties' contentions, the Court denies the Motion for Attorneys' Fees.

**I. Background**

  Sachiko Muromura and Minako Takeno (collectively "Plaintiffs") brought an action again Rubin Postaer and Associates and American Honda Motor Co. (collectively "Defendants") for copyright infringement. This Court granted Defendants' Motion to Dismiss for

Failure to State a Claim on May 31, 2013. Plaintiffs filed a First Amended Complaint ("FAC") on July 1, 2013. This Court granted Defendants' Motion to Dismiss the FAC on September 16, 2014. Plaintiffs filed a Second Amended Complaint ("SAC") October 14, 2014, and this Court granted Defendants' Motion to Dismiss the SAC on April 15, 2015.

On April 29, 2015, Defendants filed the present motion for attorney fees and costs under the Copyright Act.

## II. Discussion

Section 505 of the Copyright Act of 1976 provides that "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs" in an action for copyright infringement. 17 U.S.C. § 505. Though copyright registration is a prerequisite for a plaintiff to be awarded attorney's fees under section 505, a plaintiff's registration is not required for a defendant to be awarded attorney's fees. See Stern v. Does, 978 F.Supp.2d 1031, 1050 n. 13, 1052 (C.D. Cal 2011) (finding that defendants were entitled to attorney's fees under the Copyright Act even when the plaintiff did not properly register his work prior to the alleged infringement). The awarding of costs and attorney's fees under section 505 is left to the court's discretion. Fogerty v. Fantasy, Inc., 510 U.S. 517, 523 (citing H.R.Rep. No. 94-1476, p. 163 (1976)). The use of the word "may" in section 505 clearly connotes discretion, and "[t]he automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." Id. at 533.

When determining whether to award attorney's fees, the court may consider factors such as (1) the degree of success obtained;

2

(2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. <u>Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.</u>, 122 F.3d 1211, 1229 (9th Cir. 1997) (citing <u>Fogerty</u>, 510 U.S. at 534 n. 19). Courts must remain "faithful to the purposes of the Copyright Act" when applying these factors. <u>Fogerty</u>, 510 U.S. at 534 n. 19)

Defendants are not held to a more stringent standard than plaintiffs and are not required to show that the suit was "frivolous or brought in bad faith." <u>Fogerty</u>, 510 U.S. at 520-21, 534-35. "Exceptional circumstances" are also not required. <u>Historical Research v. Cabral</u>, 80 F.3d 377, 378 (9th Cir. 1996). The "pivotal criterion," however, is faithfulness to the purposes of the Copyright Act. <u>Fantasy, Inc. v. Fogerty</u>, 94 F.3d 553, 558 (9th Cir. 1996). "[T]he question is whether a successful *defense* of the action furthered the purposes of the Act, not whether a *fee award* would do so." <u>Mattel, Inc. v. Walking Mountain Prod.</u>, 353 F.3d 792, 816 (9th Cir. 2003) (emphasis in original).

Here, Defendants argue that the Court should award them attorney's fees because (1) their defense of Plaintiffs' claims furthered the purposes of the Copyright Act; (2) Plaintiffs unreasonably filed successive complaints that failed to state a claim; (3) an award of attorney's fees would deter future actions; and (4) Plaintiffs' lawsuit was contrary to the purposes of the Copyright Act.

Copyright law "enrich[es] the general public through access to creative works." <u>Fogerty</u>, 510 U.S. at 527. "The primary objective

3

of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." Id. at 524.  Defendants should be encouraged to litigate meritorious copyright defenses to the same extent that plaintiffs are encouraged to bring meritorious infringement claims. Fogerty, 510 U.S. at 527. Unlike the defendant in Mattel, however, who appealed a decision on the merits to the Ninth Circuit, Defendants here succeeded on their motions to dismiss, and were not required to litigate to the same extent to protect their interests.

"[I]t is not the purpose of the Copyright Act 'to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful.'" Minden Pictures, Inc. v. John Wiley & Sons, Inc., No. C-12-4601 EMC, 2014 WL 1724478 at *8 (N.D. Cal. Apr. 29, 2014) (quoting Thompkins v. Lil' Joe Records, Inc., 2008 WL 896898, at *6 (S.D. Fla. Mar. 31, 2008)). Plaintiffs brought their copyright infringement action with a belief that the ferrofluid works were "original expression" had "independent copyrightable properties." (See Kodama Decl. 2, May 19, 2015.) Plaintiffs had obtained a copyright registration on the video "Protrude, Flow 2001" (Pls. FAC Ex. 1) and had no knowledge of similar other works using ferrofluid. (Kodama Decl. 3:5-6.)  "A claim or defense is not frivolous if it is brought in good faith, in an unsettled area of law, or with a reasonable likelihood of success." Mattel, Inc. v. Walking Mountain Prod., 2004 WL 1454100 at *2 (C.D. Cal. June 21, 2004) (citing Lotus Dev. Corp. v. Borland Int'l, 140 F.3d 70, 74 (1st Cir. 1998). It appears that Plaintiffs brought the action in a good faith attempt to protect what they believed to be their original work.  Although the Court concluded

4

that Plaintiffs did not adequately identify the protectable elements of their work, Plaintiffs' position was not unreasonable, particularly given the awkwardness of the extrinsic test framework as applied to art. See Swirsky v. Carey, 376 F.3d 841, 848 (9th Cir. 2004).

Furthermore, Plaintiffs relied on counsel to develop a legal strategy for them using their non-native language in a foreign country with unfamiliar procedure. (Opp'n to Mot. of Defs. For Att'y Fees 5:12-14, 6:21, 7:1-3.) Plaintiffs are non-native English speakers and Plaintiffs' counsel is a non-native Japanese speaker, which contributed to difficulties in preparing the complaints. (Makman Decl. 1:12-14, May 18, 2015.) To the extent that Plaintiffs' good faith attempts to protect their works resulted in improperly pleaded claims, those deficiencies are not fairly attributable to Plaintiffs themselves.

**III. Conclusion**

For the reasons explained above, Defendant's Motion for Attorneys' Fees is DENIED.

IT IS SO ORDERED.

Dated: September 17, 2015

DEAN D. PREGERSON
United States District Judge